RAFAEL OJEDA MARTÍNEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 747. Submitted February 8, 1929.—Decided February 27, 1929.

*Carlos J. Torres* and *Rafael Buscaglia* for the appellant.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 170 of the Regulations for the Execution of the Mortgage Law reads in part as follows (italics ours):

"The judge shall examine the petition and the documents supporting it, and if he shall hold that the requirements of the law have been complied with, he shall make an order, without further proceedings, summoning the persons who, according to the certificate of the registrar, are in possession of the mortgaged property, whether it is in the hands of the debtor, or whether it has been transferred to a third person in whole or in part, in order that they may make payment of the amount claimed, within a period of 30 days, with the costs, if the latter should also be secured by the mortgage; *warning them that upon their failure to do so the property mortgaged will be sold at auction.*"

A registrar of property refused to record a marshal's deed upon the ground that the order for payment entered in a summary foreclosure proceeding did not contain the statutory warning.

The order in question, after a vague reference to "the law applicable to the case," directs that the secretary shall issue the proper writ addressed to the marshal of a certain district court, in order that the marshal in turn may demand of the defendant payment within thirty days from the date of such demand, all in accordance with the requirements of law. The writ issued by the secretary contains a *verbatim* copy of the order signed by the district judge, followed by instructions to make the required demand, accompanied by delivery to defendant of a copy of the complaint and of the documents attached thereto, and to return the writ with his indorsement thereon. The return indorsed by the marshal upon the writ shows a demand for payment to be made from the date of such demand, without mention of the period within which such payment was to be made.

The failure on the part of the marshal to inform defendant that payment must be made within thirty days is also assigned as an additional reason for the refusal to record the deed.

The theory of appellant is that the failure of the marshal to inform defendant as to the time within which payment was to be made does not vitiate the proceeding because that information was contained in the order of the court. This suggestion is at least more plausible than the further contention that the omission of the statutory warning from the order was supplied by a verbal admonition referred to in the return of the writ.

The law does not say that the court shall order the secretary to instruct the marshal to inform the defendant or defendants that unless payment be made within thirty days the mortgaged property will be sold at public auction. Nor did the writ issued by the secretary in the instant case con-

tain any such command. What the law contemplates is a formal demand for payment, accompanied by the statutory warning, and both embodied in an order of the court. But, even if an order addressed to the secretary and directing him to issue a proper writ should be deemed a substantial compliance with the statute, certainly the marshal can not supply the omission from the writ of any formal warning by a mere verbal admonition.

The conditions precedent to a valid foreclosure and sale under the Mortgage Law are few and simple, but, because of the summary and practically *ex parte* character of the proceeding, these jurisdictional prerequisites must be strictly observed. Otherwise the result is a void judicial sale. *Arvelo et al.* v. *Banco Territorial y Agrícola*, 25 P.R.R. 677; *Polanco* v. *Goffinet et al.*, 29 P.R.R. 111; *López et al.* v. *Quiñones et al.*, 30 P.R.R. 317, and *Cortés et al.* v. *Díaz et al.*, 31 P.R.R. 433.

The ruling appealed from should be affirmed.